```
                                                    FILED
                                              U.S. DIST COURT
                                             MIDDLE DIST. OF LA

                                             2004 MAY -5  P 2:18

                                             SIGN_____
                                             BY DEPUTY CLERK
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | CIVIL ACTION |
| COMPLAINT OF RIVER CITY | * | |
| TOWING SERVICES, INC., AS | * | NO. 04-291-C-M1 |
| OWNER OF TANK BARGE FT-22, | * | |
| PETITIONING FOR EXONERATION | * | SECTION "___" |
| FROM OR LIMITATION OF | * | |
| LIABILITY | * | MAGISTRATE ___ |
| | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes River City Towing Services, Inc. ("River City"), as owner of the Tank Barge FT 22 ("FT 22"), and petitions for exoneration from or limitation of liability pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Federal Rules of Civil Procedure, and 46 U.S.C. § 181, *et seq.*, as follows:

1.

Plaintiff, River City, a corporation duly organized and existing under the laws of the State of Louisiana, with its principal place of business in Denham Springs, Louisiana, was at all relevant times, and now is, owner of the FT 22.



**2.**

At all material times the FT 22 was and is a documented vessel of the United States, official No. D528104, an unmanned tank barge of 795 gross tons. At all material times, the FT 22 was tight, staunch, strong, fully and properly manned, equipped and supplied, and in all respects seaworthy and fit for the services for which it was engaged.

**3.**

At all material times the FT 22 was under charter to Tessenderlo Davison Chemicals, LLC ("TDC"), located in Ruston, Louisiana, to transport sodium hydrosulfide solution ("SHS") as directed by TDC along the inland navigable waterways of the United States. At all relevant times, River City did not man the barge.

**4.**

TDC requested that River City carry a cargo of SHS from Pasadena, Texas, to Arkansas City, Arkansas. On April 20, 2004, TDC loaded the FT 22 with approximately 400 tons of SHS at the Tessenderlo Kerley, Inc. ("TKI"), facility in Pasadena. The loading was uneventful.

**5.**

River City made arrangements with Kirby Inland Marine, Inc. ("Kirby"), to tow the FT 22 from Pasadena to Vicksburg, Mississippi, where the barge was to be picked up by another towboat company for the final leg of the voyage. On April 22, 2004, the M/V SEADRIFT, a tug believed to be chartered and operated by Kirby, took the FT 22 under tow in Pasadena, heading east and north. At approximately 1430 hours on April 26, 2004, the SEADRIFT dropped the FT 22 at Kirby's Redeye Fleet, located at LMR Mile 225 AHP near Brusley, Louisiana. The FT 22 was to wait there for another Kirby tow to continue its northbound voyage to Vicksburg.

**6.**

For reasons currently unknown to River City, at approximately 1820 hours on April 26, the M/V EGRET, a tug believed to be owned and operated by Baton Rouge Harbor Towing, and acting under the direction of Kirby, shifted the FT 22 to Capital Fleet, located at LMR Mile 230 AHP. The FT 22 arrived at Capital Fleet at approximately 2020 hours on April 26.

**7.**

Upon learning that the FT 22 had been mistakenly shifted from Redeye Fleet to Capital Fleet, River City notified Kirby and requested that the FT 22 be shifted back to Redeye Fleet so that it could await the northbound tow.

**8.**

While in Capital Fleet, the FT 22 was subject to regular and routine maintenance performed by River City on the morning of April 27, 2004. A River City employee was on the FT 22 for approximately one hour during the morning of April 27, during which time he did not notice any problem or difficulty with the FT 22 or its cargo.

**9.**

At approximately 1020 hours on April 27, the M/V EGRET shifted the FT 22 back to Redeye Fleet, where it arrived at about 1100 hours.

**10.**

On the morning of April 28, 2004, River City was notified of an alleged leak or escape of vapor from the FT 22.

**11.**

River City's first receipt of written notice of any claim against it resulting from the aforementioned voyage occurred on April 29, 2004, when counsel for River City received a copy of the lawsuit entitled *"Mary Craig, Linda Holmes, Tanji Paul, Donald Ray Roddy and all other*

*Similarly Situated Persons v. River City Towing Services, Inc."*, Suit No. 34025 A, 18th Judicial District Court, West Baton Rouge Parish, State of Louisiana. Since then, River City has received notice that it has been added as a defendant in the matter styled *"Albert Bartney, Sherry Ann Bartney, Maudrie M. Bartney, on behalf of themselves and others similarly situated v. Kirby Inland Marine of Louisiana, Inc., et al.,"* Civil Action No. 33,180D in the 18th Judicial District Court for West Baton Rouge Parish.

**12.**

The aforementioned voyage has resulted in various claims being made or anticipated to be made against River City and the FT 22, including, but not limited to, the filing of claims in the aforementioned lawsuits.

**13.**

The aforementioned voyage, including the leak or escape of vapor and all resultant losses or damages, if any, were neither caused by nor contributed to by the fault of the FT 22 or the fault or negligence of River City, or of any person for whose acts River City is responsible, but on the contrary, were caused by the acts or omissions of others for whom River City is not responsible.

**14.**

River City denies that it or the FT 22 or any persons or property for whom or which River City may be responsible are liable to any extent in the premises. River City claims exoneration from all liability for all losses, damages, injuries, and destruction, if any, incurred by reason of the matters aforesaid. In the alternative, and in the event River City and/or the FT 22 should be held responsible by reason of the matters hereinabove set forth, River City claims the benefits of the Limitation of Liability Act provisions set forth in 48 U.S.C. § 181, *et seq.*, and all laws supplementary thereto and amendatory thereof, because all losses, damages, injuries, and/or

destruction, if any, resulting from the aforesaid voyage occurred without privity or knowledge of River City.

**15.**

The FT 22 was not damaged during the aforesaid voyage, and the value of the FT 22 immediately following these events did not exceed TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS. The combined value of the pending charter hire and/or freight did not exceed the sum of TWENTY THOUSAND ($20,000.00) DOLLARS. Plaintiff further avers that the amount of estimated claims alleged against it and the FT 22 may exceed the value of its interest in the FT 22, and the charter hire and/or freight pending.

**16.**

Plaintiff will file an *ad interim* stipulation and Letter of Undertaking, in the appropriate form, as security for the amount or value of Plaintiff's interest in the FT 22 and pending freight and/or charter hire, together with interest at the rate of 6% per annum from the date of said stipulation and for costs; and in addition thereof, Plaintiff is prepared to give additional security for any amount in excess of the *ad interim* stipulation as may be ascertained and determined to be necessary under the orders of this Court and as provided by the laws of the United States and of this Court.

**17.**

All and singular, the premises of this petition are true on information and belief and within the admiralty and maritime jurisdiction of this Court.

WHEREFORE, Plaintiff prays:

(1)    That the Court enter an Order approving the *ad interim* stipulation for the value of the FT 22 and pending charter hire and/or freight and the Letter of Undertaking in the total amount of $270,000.00 plus interest at the rate of 6% per annum from the date of this Complaint.

(2)    That the Court issue notice to all persons asserting claims by reason of any loss, injury, expense or damage allegedly occasioned or incurred by reason of the aforementioned voyage or discharge, admonishing them to file their claims with the Clerk of Court and to serve on the attorneys for the Plaintiff a copy thereof on or before a date to be named in the notice.

(3)    That the Court issue its injunction restricting the commencement and/or prosecution of any and all actions or suits or legal proceedings of any kind whatsoever against Plaintiff, its property, the FT 22 or their underwriters arising out of the aforementioned voyage other than in the present action.

(4)    That this Court adjudge that the Plaintiff and the FT 22 are not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the aforementioned carriage or discharge or that, if such liability ever existed, then that it be limited to the value of the Plaintiff's interest in and to the FT 22, together with charter hire and/or freight, if any, pending at the time of the casualty.

(5)   That this Court grant such other and further relief as justice and equity require.

May 5, 2004.

>                             Respectfully Submitted,
>
>                             _____
>                             R. Keith Jarrett, T.A. (Bar #16984)
>                             David L. Reisman (Bar #21833)
>                             Maury C. Hebert (Bar #25413)
>                             LISKOW & LEWIS
>                             701 Poydras Street, Suite 5000
>                             New Orleans, LA 70139-5099
>                             Telephone: (504) 581-7979
>
>                             Attorneys for River City Towing Services, Inc.

516072_1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | CIVIL ACTION |
| COMPLAINT OF RIVER CITY | * | |
| TOWING SERVICES, INC., AS | * | NO. |
| OWNER OF TANK BARGE FT 22, | * | |
| PETITIONING FOR EXONERATION | * | SECTION "___" |
| FROM OR LIMITATION OF | * | |
| LIABILITY | * | MAGISTRATE ___ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF LIVINGSTON

BEFORE ME, the undersigned notary, personally came and appeared:

LARRY HOWELL

who, after being duly sworn, did depose and say the following:

That he is the President of River City Towing Services, Inc., the owner of the T/B FT 22; that he has read the foregoing complaint for exoneration from or limitation of liability and knows the contents thereof, that the same is true to the best of his own knowledge, information and

belief; and that the sources of his information and the grounds of his belief are statements, documents, and information in the possession of River City Towing Services, Inc., or furnished to it by employees or agents of said corporation, and that he makes this verification as the duly authorized officer of River City Towing Services, Inc.

*/s/ Larry Howell*

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 5th DAY
OF MAY, 2004.

_____
NOTARY PUBLIC

516108_1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF RIVER CITY MARINE SERVICES, INC., AS OWNER OF TANK BARGE FT22, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * * * | CIVIL ACTION<br><br>NO.<br><br>SECTION "___"<br><br>MAGISTRATE ___ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>AFFIDAVIT OF VALUATION OF VESSEL</u>**

STATE OF LOUISIANA

PARISH OF LIVINGSTON

     BEFORE ME, the undersigned notary, duly came and appeared Fred Budwine, who, after being duly sworn, did depose and say:

     That he is a marine surveyor and has been requested to provide a fair market valuation survey of the T/B FT22 to determine the value of the vessel as of April 28, 2004;

-2-

That he is of the opinion that the fair market value of the T/B FT22 on April 28, 2004, did not exceed TWO HUNDRED FIFTY THOUSAND ($250,000) DOLLARS.

_____
Fred Budwine

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 3rd DAY
OF MAY, 2004.

_____
Notary Public